

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICARDO GARCIA, JR. ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 05 C 3180 |
| ) | (03CR 817) |
| UNITED STATES OF AMERICA, ) | |
| ) | Wayne R. Andersen |
| Respondent. ) | District Judge |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the petition of Ricardo Garcia, Jr. for writ of habeas corpus pursuant to 28 U.S.C. § 2255. For the following reasons, the petition for habeas corpus is denied.

## BACKGROUND

On August 21, 2003, Petitioner was charged with two counts of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). On February 4, 2004, Petitioner pled guilty to Count Two and stipulated as relevant conduct to the allegations underlying Count One. On May 27, 2004, the Court held a hearing to determine whether a sentencing enhancement under Guideline § 3A1.2(b)(1) was warranted. At the conclusion of the hearing, the Court found that the enhancement was warranted and sentenced Petitioner to 108 months imprisonment. Petitioner did not appeal and, on June 9, 2004, Petitioner's judgment and sentence became final.

Petitioner next filed this petition for habeas corpus, arguing that his sentence was unconstitutional because the Court imposed a sentencing enhancement in violation of *United States v. Booker*, 125 S. Ct. 738 (Jan. 12, 2005).

DISCUSSION

Collateral relief under 28 U.S.C. § 2255, the federal habeas corpus statute, is available only in limited circumstances. The statute provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

Such relief is therefore limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Bishchel v. United States*, 32 F.3d 259, 263 (7th Cir.1994), quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir.1991). If the reviewing court determines that such defect exists in the judgment or sentence, it "shall vacate and set the judgment aside and shall discharge the prisoner or re-sentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

In this case, Petitioner argues that his sentence is unconstitutional because the Court imposed a sentencing enhancement in violation of *United States v. Booker*, 125 S. Ct. 738 (Jan. 12, 2005). Petitioner argues that *Booker* should be held retroactive to his case and that he should be resentenced based on the principles articulated in *Booker*.

We find that Petitioner's reliance on *Booker* is misplaced because it is foreclosed by the Seventh Circuit's ruling in *United States v. McReynolds*, 397 F.3d 479, 481 (7" Cir. 2005). In *McReynolds*, the Seventh Circuit made clear that *Booker* does not apply retroactively to cases that became final prior to the Supreme Court's ruling in *Booker* on January 12, 2005. *Id.*

2

In this case, Petitioner's judgment became final on June 9, 2004, seven months prior to the issuance of the Supreme Court's decision in *Booker*. Therefore, *Booker* is not applicable to this case and the Petitioner has no right to be resentenced. Accordingly, Petitioner's habeas corpus petition is denied. *See also Green v. United States*, 397 F.3d 101, 102 (2d Cir. 2005); *Lobano-Rios v. United States*, 2005 WL 2648681 at * 5-6 (N.D. Ill. 2005); *Smith v. United States*, 380 F. Supp.2d 973, 974-75 (N.D. Ill. 2005).

## CONCLUSION

For the foregoing reasons, the petition of Ricardo Garcia, Jr. for writ of habeas corpus is denied. This case is hereby terminated. This is a final and appealable order.

It is so ordered.

Wayne R. Andersen
United States District Court

Dated: May 18, 2006

3